UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
BLUEGREEN VACATIONS UNLIMITED, INC.,                                    :
                                                                        :
                        Petitioner,                                     :
                                                                        :        24-CV-8009 (JMF)
            -v-                                                         :
                                                                        :        MEMORANDUM OPINION
T. PARK CENTRAL LLC et al.,                                             :        AND ORDER
                                                                        :
                        Respondents.                                    :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This case arises from a contractual dispute over a complex real estate transaction between Petitioner Bluegreen Vacations Unlimited, Inc. ("Bluegreen" or "Petitioner") and Respondents T. Park Central LLC, O. Park Central LLC and New York Urban Ownership Management, LLC (collectively, "Respondents"). Section 12.3 of the parties' contract contains a mandatory arbitration clause, providing that any disputes arising out of the agreement are to be resolved by a three-member panel of arbitrators (the "Tribunal"). ECF No. 11-1 ("Interim Award"), at 12-13. The provision further states that the Tribunal "shall have the authority to award only actual damages" and that "[n]o Party shall be in default until ten (10) days after the determination of such arbitration of the Dispute and such default shall be deemed cured if cured within such ten (10) day period." *Id.* In 2021, Respondents initiated arbitration proceedings, asserting two contract claims and one claim for breach of the implied covenant of good faith and fair dealing.

      Following extensive arbitration proceedings, including a twenty-day evidentiary hearing, the Tribunal issued an eighty-one-page decision styled "Interim Award." *See id*. The Tribunal found in Respondents' favor on the two contract claims (and denied the implied covenant claim as duplicative). *See id*. at 79. But citing the cure provision in Section 12.3 of the parties'

agreement, the Tribunal expressly declined to reach the issue of remedy. *See id.* at 67-78  As the Tribunal explained:

> The decision whether to cure under § 12.3 is Bluegreen's decision to make, and Bluegreen's alone.  Only in the event that Bluegreen fails to cure, or the Dispute is otherwise resolved by the Parties via a settlement, will it be necessary for the Tribunal to proceed to the remedy stage of this Arbitration.
>
> In the event that Bluegreen decides not to cure its breaches, the Tribunal will need to determine whether and, if so, to what extent, TMC is entitled to recover monetary damages for Bluegreen's breaches.  The Tribunal notes that the Parties vigorously disagree about TMC's entitlement to general monetary damages and whether TMC has proven such damages.

*Id.* at 68; *see also id.* at 70 ("tak[ing] no position at this time" on the parties' disputes "with respect to whether [Respondents are] entitled to recover general monetary damages and, if so, the amount of such damages").  The Tribunal "direct[ed] the Parties to meet and confer . . . to determine whether and, if so, how Bluegreen will cure its breaches of the [contract], and to report back to the Tribunal concerning those efforts." *Id.* at 76-78.  More specifically, the Tribunal ordered the parties, following a meet-and-confer, to file letters addressing a handful of issues and scheduled "a status conference . . . for the purpose of determining what further proceedings, if any, are necessary before the Tribunal issues its Final Award." *Id.* at 78.  Apparently without waiting for that process to run its course, however, Bluegreen filed a petition in this Court (the "Petition"), seeking, pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, to vacate the Interim Award.  ECF No. 13 ("Am. Pet.").[1]

Upon review of the parties' submissions and the Interim Award itself, the Court concludes that the Petition must be dismissed because the Court lacks authority to review the

---

[1] The record is silent with respect to what, if anything, has happened in the arbitration proceedings since the Tribunal's ruling.  The Court presumes that the proceedings have been stayed pending adjudication of the Petition in this case.

Interim Award. "By its terms, the FAA gives courts the power to confirm only a final 'award' of an arbitral panel." *Major League Baseball Players Ass'n v. Arroyo*, No. 24-CV-3029 (LJL), 2024 WL 3539575, at *3 (S.D.N.Y. July 24, 2024) (citing 9 U.S.C. § 9). "In order to be 'final,'" the Second Circuit has explained, "an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them. Generally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 413-14 (2d Cir. 1980) (citation and footnote omitted). Put differently, "an arbitration award, to be final, must resolve all the issues submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis omitted); *accord Kerr-McGee Refin. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991).

The Second Circuit's decision in *Michaels* is especially instructive here. It arose from a two-year time charter party between a charterer and ship owner that was terminated early by the charterer, prompting arbitration proceedings. *Michaels*, 624 F.2d at 412. The arbitration panel issued an interim award resolving liability, but not damages, on five of the owner's six counterclaims and deferring decision on the charterer's six claims. *Id.* at 412-13. The charterer sought to vacate the interim award in federal court. The district court denied the petition on the merits, but on appeal, the Second Circuit held that the district court had erred in doing so because the award was not final and, thus, the court lacked power under the FAA, to review it. Indeed, the court of appeals did not even consider the issue to be a close one. "Since the interim award here did not decide any of Charterer's claims," the court explained, "it *obviously* was not a final

3

determination of all issues submitted." *Id.* at 414 (emphasis added); *see also Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280, 283 (2d Cir. 1986) ("Clearly, the arbitrators' award in [*Michaels*] was not intended to be, and was not, a final award."). "Moreover," the *Michaels* court continued, "with the exception of the one Owner counterclaim decided in Charterer's favor, which Charterer obviously does not attack, the award did not finally dispose of any of the claims submitted, since it left open the question of damages on the four counterclaims of Owner that it sustained and reserved decision on the fifth." *Michaels*, 624 F.2d at 414.

Applying these standards here, the Court is compelled to conclude that the Interim Award is not final because, like the interim award in *Michaels*, it "did not finally dispose of any of the claims submitted, since it left open the question of damages." *Id.* Moreover, it is plain from the Interim Award's terms that the Tribunal did not "intend[]" the ruling "to be their complete determination of all claims submitted to them." *Id.* at 413. Not only did the Tribunal style its ruling "Interim Award," but it "[took] no position *at this time* with respect to" the parties' arguments with respect to whether and how much Respondents were entitled to in damages, Interim Award 70 (emphasis added); it stated that, "unless and until Bluegreen fails to cure its breaches, a determination of whether [Respondents are] entitled to the monetary damages that [they] seek[] . . . is premature," *id.*; it expressly rejected Respondents' contention that it "should prepare a Final Award," *id.* at 71; it directed the parties to "meet and confer" and "to report back to the Tribunal" regarding various issues, *id.* at 76-78; it deferred consideration of fees and costs to "its Final Award," *id.* at 80; and it scheduled "a status conference" for the express "purpose of determining what *further* proceedings, if any, are necessary before the Tribunal issues its *Final Award* in this Arbitration," *id.* at 78 (emphases added). If anything, therefore, the interim nature of the Interim Award here is even more "obvious[]" than it was in *Michaels*.

4

Bluegreen's counterarguments are unpersuasive. First, relying on the Second Circuit's decision in *Zeiler v. Deitch*, 500 F.3d 157 (2d Cir. 2007), and cases holding that "jurisdiction exists when the parties have agreed to bifurcation," Bluegreen argues that the Interim Award is final because the Tribunal found it "liable and compelled [it] to remain in an ongoing business relationship with Claimants under the pain of potentially staggering damages in the context of a potential series of arbitral decisions." ECF No. 22 ("Pet.'s Reply"), at 2-3 & n.2 (citing *Trade & Transp., Inc. v. Nat. Petroleum Charterers Inc.*, 931 F. 2d 191 (2d Cir. 1991)). *Zeiler*, however, is no help to Bluegreen. There, the decisions at issue "require[d] specific action *and* [did] not serve as a preparation or a basis for further decisions by the arbitrators." 500 F.3d at 169 (emphasis added). Further, the decisions arose from a "unique" agreement between the parties, which asked the arbitrators to issue a series of "specific and final" orders directing parties "to take various actions, including conducting accountings and providing documents." *Id.* at 168-69. Here, by contrast, the parties agreed to a "regular" arbitration culminating in "a conclusive resolution of the entire case." *Id.* at 169. And the Interim Award is, by its terms, "preparation . . . for further decisions" by the Tribunal. *Id.*; *cf. Daum Glob. Holdings Corp. v. Ybrant Digit. Ltd.,* No. 13-CV-3135 (AJN), 2014 WL 896716, at *2 (S.D.N.Y. Feb. 20, 2014) (Nathan, J.) (deeming an award final where it "required specific action — payment of $250,000 — *and* was not intended to serve as preparation for further decisions"). And caselaw involving bifurcated proceedings is plainly of no help to Bluegreen either. As Bluegreen acknowledges, it expressly *objected* to bifurcation of liability and damages. *See* Pet.'s Reply 3 n.2.

Second, Bluegreen asserts that the Interim Award is "final" because it "did far more" than "serve[] as the basis for future decisions by the" Tribunal. Pet.'s Reply 3. But that assertion falls flat. Although the Interim Award does ask the parties to take certain next steps —

5

namely, to meet and confer and then inform the Tribunal about Bluegreen's decision to cure its breaches — these are necessary steps only in furtherance of the arbitration proceedings. They are nothing like the specific *actions* that courts have found to render an arbitration award final and appealable, such as ordering the payment of funds, *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 46 F. Supp. 3d 327, 338 (S.D.N.Y. 2014), or placing funds in escrow, *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 532 F. Supp. 901, 909 (S.D.N.Y.), *aff'd*, 689 F.2d 301 (2d Cir. 1982). *See also Brit. Ins. Co. of Cayman v. Water St. Ins. Co.*, 93 F. Supp. 2d 506, 513 (S.D.N.Y. 2000) ("[A]n award of temporary equitable relief such as a security award, separable from the merits of the arbitration, is subject to federal review." (collecting cases)). And, of course, Bluegreen is (or was) free to take no action to cure its breaches, in which case the Tribunal would proceed to resolve the parties' remaining disputes and enter a Final Award, at which point Bluegreen could seek relief in federal court. *See e.g.*, *SH Tankers Ltd. v. Koch Shipping Inc.*, No. 12-CV-375 (AJN), 2012 WL 2357314, at *5 (S.D.N.Y. June 19, 2012) (Nathan, J.) (rejecting the petitioner's argument that an interim award was final because, "as [a] practical matter," it could not do what the arbitrators had directed on the ground that that was the petitioner's choice).

Finally, in its initial memorandum of law, Bluegreen floats one additional argument: that deeming the Interim Award to be non-final would run afoul of the principle "that 'parties seeking to enforce arbitration awards through federal court confirmation'" — and, as here, seeking to vacate arbitration awards — "'may not divest the courts of their statutory and common-law authority to review the substance of the awards and the arbitral process for compliance with § 10(a) and the manifest disregard standard.'" ECF No. 10 ("Pet.'s Mem."), at 4 n.2 (quoting *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F. 3d 584, 591 (2d Cir. 2016)). But Bluegreen does not press that argument in its reply and, thus, the Court deems the argument to be

6

abandoned. *See, e.g.*, *Doe v. Indyke*, 465 F. Supp. 3d 452, 466 (S.D.N.Y. 2020) ("Defendants do not respond to this argument in reply, and the Court deems them to have abandoned the argument."). And in any event, the principle upon which Bluegreen relies has no purchase here, as the parties' contract poses no bar to Bluegreen's right and ability to seek judicial review over a *final* arbitration award (or, correspondingly, Respondents right and ability to seek confirmation of a *final* arbitration award).

In short, the Interim Award is plainly "'"interim" in the sense of being an "intermediate" step toward a further end.'" *Offshore Expl. & Prod., LLC v. Morgan Stanley Priv. Bank, N.A.*, 626 F. App'x 303, 307 (2d Cir. 2015) (summary order) (quoting *S. Seas Navigation Ltd. of Monrovia v. Petroleos Mexicanos of Mex. City*, 606 F. Supp. 692, 694 (S.D.N.Y. 1985) (Weinfeld, J.)). It follows that the Court is "without authority to review" the Tribunal's ruling. *Michaels*, 624 F.2d at 414. Accordingly, the Petition must be and is DISMISSED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 28, 2025
New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge